

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00826-CR

Alonzo **HELMKE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR3874
Honorable Raymond Angelini, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  October 9, 2013

AFFIRMED

A jury found Alonzo Helmke guilty of robbery.  After Helmke pled "true" to an enhancement allegation, the trial court sentenced him to 15 years' imprisonment.  In his sole issue on appeal, Helmke contends that he received ineffective assistance of counsel.  We affirm the trial court's judgment.

### BACKGROUND

Three individuals attacked Randy Marks in a downtown San Antonio parking lot.  The attackers assaulted Marks and took his wallet and two metal chains from his neck.  Thereafter,

Marks pursued one of the assailants on foot and flagged down two San Antonio Police Department officers. The officers arrested Helmke after the two chains matching Marks' description were found on Helmke's person. Helmke was indicted for robbery and plead not guilty. A jury found him guilty of the charged offense. Helmke pled "true" to an enhancement allegation and was sentenced by the trial court to 15 years' imprisonment.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, an appellant must prove two elements by a preponderance of the evidence: (1) deficient performance of trial counsel; and (2) harm resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex. Crim. App. 2013).

Deficient performance is that which "'fell below an objective standard of reasonableness' under prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d 152, 156 (Tex. Crim. App. 2013) (quoting *Strickland*, 466 U.S. at 687–88). We begin with a presumption that counsel's actions were reasonable and based on sound trial strategy. *Id*. To overcome this presumption, an appellant must establish ineffectiveness that is "firmly founded" and affirmatively demonstrated in the record. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). A direct appeal is generally an "inadequate vehicle for raising such a claim because the record is generally undeveloped." *Id*. Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id*. (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Absent that opportunity, deficient performance should be found only if the trial counsel's conduct was "so outrageous that no competent attorney would have

engaged in it." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Deficient performance is prejudicial to an accused when there is a "reasonable probability that the outcome of the trial would have been different but for counsel's deficiency." *LaHood*, 401 S.W.3d at 50. "Reasonable probability" is "a probability sufficient to undermine confidence in the outcome" of the trial. *Id*. (quoting *Strickland*, 466 U.S. at 694).

### DISCUSSION

Helmke contends that trial counsel rendered ineffective assistance of counsel because he: (1) did not understand the procedure for issuing a subpoena; (2) misstated the legal definition of robbery during voir dire; (3) failed to object to hearsay; (4) called an adverse witness to testify; and (5) requested an instruction for a lesser-included offense of theft. We turn to each allegation of ineffective assistance, noting that the two elements of *Strickland* need not be analyzed in any particular order. *Ex parte Martinez*, 330 S.W.3d 891, 900 n.19 (Tex. Crim. App. 2011). "An appellant's failure to satisfy one prong of the Strickland test negates the court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

#### A. Failure to Subpoena Jewelry

Helmke contends that his trial counsel did not know the procedure for issuing a subpoena duces tecum in order to obtain the chains to use as evidence at trial. On the night of the robbery, the investigating police officers returned the stolen chains to the complainant, Marks. One chain was made of gold and the other of sterling silver. Marks wore the silver chain to court, and trial counsel had the chain admitted into evidence. The gold chain was no longer available to Marks and was never entered into evidence. However, the State did enter into evidence photographs of both chains taken the night of the incident.

We must consider an attorney's decision to limit pre-trial discovery with "a great deal of deference to the attorney's judgment, looking to the reasonableness of the decision in light of the totality of the circumstances." *Pratt v. State*, No. 04-09-00070-CR, 2010 WL 546529, at * 6 (Tex. App.—San Antonio Feb. 17, 2010, pet. ref'd) (mem. op., not designated for publication). Trial counsel's failure to issue a subpoena for the jewelry does not necessarily mean that trial counsel did not understand the procedure for doing so. Trial counsel may have intended to rely on the absence of the physical evidence to cast doubt on the sufficiency of the State's photographic evidence of the chains. Thus, Helmke has not overcome the presumption that trial counsel acted reasonably and in accordance with a sound strategy.

Moreover, Helmke has failed to prove that trial counsel's alleged lack of knowledge of the subpoena procedure was prejudicial. Even if trial counsel had issued a subpoena, the record does not establish that the presence of the gold chain at trial would have affected the outcome of the trial. Therefore, Helmke has failed to prove ineffective assistance with respect to trial counsel's failure to subpoena the jewelry.

### B. Misstatement of the Legal Definition of Robbery

Next, Helmke contends that trial counsel rendered ineffective assistance by misstating the legal definition of robbery during voir dire because trial counsel incorrectly stated that a completed theft was an element of robbery.[1] Helmke points to the following exchange between trial counsel and a venireperson:

> COUNSEL: So if you're not sure that an item was taken . . . but everything else was proven, how would you find the Defendant?

---

[1] "No completed theft is required in order for the proscribed conduct to constitute the offense of robbery under [TEX. PEN. CODE ANN. § 29.02]." *White v. State*, 671 S.W.2d 40, 41 (Tex. Crim. App. 1984) (en banc). Rather, a robbery is committed when: ". . . in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PEN. CODE ANN. § 29.02(a) (West 2011).

> VENIREPERSON: The trial is about the item taken; right? If you're not sure, then he's innocent.
> COUNSEL: Exactly. The trial is about the item being taken. It's a robbery case.

Trial counsel must have a "firm command" of the governing law in the case. *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex. Crim. App. 1982). Counsel's misunderstanding of the law can never be considered a sound trial strategy. *Garcia v. State*, 308 S.W.3d 62, 75 (Tex. App.—San Antonio 2009, no pet.). However, we must consider an alleged misstatement of law in the context of trial counsel's other statements. *Drew v. State*, 743 S.W.2d 207, 220 (Tex. Crim. App. 1987). The record indicates that at the time of the exchange with the venireperson, trial counsel was using a demonstrative that appears to have explained the elements of robbery. The record is silent, however, as to the exact substance of the demonstrative. In the absence of the demonstrative, we are unable to put trial counsel's alleged misstatement of law in the context necessary to determine whether the statement was truly a misstatement of law. *See Orchard v. State*, No. 14-00-00494-CR, 2001 WL 1013412, at*5 (Tex. App.—Houston [14th Dist.] Sept. 6, 2001, no pet.) (mem. op., not designated for publication) (no ineffective assistance where alleged misstatement of law by trial counsel was considered in the context of subsequent statements). Accordingly, we cannot determine whether trial counsel's performance was deficient with respect to the alleged misstatement of law.

Assuming, without deciding, that trial counsel's alleged misstatement of the law was deficient performance, Helmke has still failed to prove he was prejudiced by the alleged misstatement. *See Cox v. State*, 389 S.W.3d 817, 820 (Tex. Crim. App. 2012) (the prejudice component of *Strickland* is not met every time the jury receives incorrect information). The jury was properly instructed on the statutory definition of robbery in the jury charge and the trial court specifically instructed the jury to wholly disregard statements of law made by counsel that were not in harmony with the law as stated in the charge. *Rangel v. State*, 179 S.W.3d 64, 75 (Tex.

App.—San Antonio 2005, pet. ref'd) (trial counsel's misstatement of law not prejudicial where jury was correctly instructed on the law in the jury charge). In addition, the State provided the jury with the proper statutory definition of robbery during voir dire, and trial counsel subsequently referred to the State's definition. Thus, Helmke has failed to prove that trial counsel's misstatement of the legal definition of robbery amounted to ineffective assistance of counsel.

### C.      Failure to Object to Hearsay / Non-Responsive Statements

Helmke also contends that trial counsel rendered ineffective assistance by failing to object to hearsay evidence and to statements that were non-responsive. Specifically, Helmke contends that the trial testimony of the two police officers, included hearsay statements. Helmke also contends that hearsay was contained in State's Exhibit 18, a SAPD property release form.

"In the absence of a developed evidentiary record which adequately reflects the motives behind counsel's action and inaction, it is extremely difficult to prove that counsel's performance was deficient." *Gaines v. State*, No. 04-05-00804-CR, 2006 WL 3611811, at*3 (Tex. App.—San Antonio Dec. 13, 2006, no pet.) (mem. op., not designated for publication). Helmke argues that trial counsel's failure to object could not logically be a sound strategy because it allowed evidence to be admitted which undermined the defense's position. However, when the record is silent as to why counsel did not make an objection to hearsay, we may not speculate as to counsel's reasoning or strategy. *Thompson*, 9 S.W.3d at 814; *Infante v. State*, 397 S.W.3d 731, 739 (Tex. App.—San Antonio 2013, no pet.) (failure to object to alleged hearsay testimony of police officers not deficient performance when record was silent as to trial counsel's reasoning or strategy); *Moreno v. State*, No. 04-12-00720-CR, 2013 WL 3963709, at*3 (Tex. App.—San Antonio Jul. 31, 2013, no pet.) (mem. op., not designated for publication) (failure to object to report containing alleged hearsay not deficient performance when record was silent as to trial counsel's reasoning or strategy); *McDonnel v. State*, Nos. 01-09-00084-CR, 01-09-00085-CR, 2009 WL 4359064, at *2

n.3 (Tex. App.—Houston [1st Dist.] Dec. 3, 2009, pet ref'd) (mem. op., not designated for publication) (trial counsel's failure to object to non-responsive answer presumed reasonable trial strategy where record was silent).

In addition, we cannot conclude that trial counsel's failure to object to the alleged hearsay was deficient performance when the statements in question were likely admissible as hearsay exceptions. To prove ineffective assistance, an appellant must show that the trial court would have committed error in overruling the objection. *Ex Parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). A review of the entire record indicates that the statements by Marks which Helmke contends are hearsay were made while Marks was still bleeding from the attack and while he was "frantic," "yelling," and "frightened." The officers' testimony regarding these statements, therefore, would likely have been admissible as excited utterances. [2] Likewise, the SAPD property release form would likely have been admitted under the business records exception to the hearsay rule. [3] As trial counsel was not required to make a futile objection, his failure to object to this evidence was not deficient performance. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991) (en banc); *Solis v. State*, No. 04-97-00426-CR, 1999 WL 248951, at*5 (Tex. App.—San Antonio Apr. 28, 1999, no pet.) (mem. op., not designated for publication) (not ineffective assistance when counsel's hearsay objection would have been futile).

Moreover, trial counsel's failure to object to the alleged hearsay statements cannot be said to have prejudiced Helmke when all of the declarants provided testimony at trial cumulative of the alleged hearsay statements. "Improper admission of evidence does not constitute reversible error if the same facts are proved by other, properly admitted evidence." *Maranda v. State*, 253 S.W.3d

---

[2] An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of the excitement caused by the event or condition." TEX. R. EVID. 803(2).
[3] *See* TEX. R. EVID. 803(6).

762, 769 (Tex. Crim. App. 2007) (citing *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986)); *Bryant v. State*, 282 S.W.3d 156, 163 (Tex. App.—Texarkana 2009, pet. ref'd) (applying *Maranda* to a claim of ineffective assistance of counsel). The testimony of the officers regarding Marks' statements added no new details to Marks' testimony at trial. Accordingly, even assuming the trial court would have excluded the alleged hearsay statements, there is no reasonable probability that the outcome of the trial would have been any different. *See Pacheco v. State*, No. 04-11-00036-CR, 2012 WL 566072, at*3 (Tex. App.—San Antonio Feb. 15, 2012, no pet.) (mem. op., not designated for publication) (claim of ineffective assistance failed for lack of prejudice where officer's alleged hearsay statements were cumulative of the complainant's testimony).

### D. Adverse Witness Testimony

Next, Helmke contends that his trial counsel provided ineffective assistance by calling Detective Randy Resendez as a witness and asking the court's permission to treat the witness as adverse. After the trial court denied this request, Helmke contends that trial counsel improperly asked leading questions of the witness.

First, it appears that trial counsel had several strategic reasons for calling Resendez. The record indicates that trial counsel was attempting to impeach Marks with contradictory testimony from Resendez. Additionally, trial counsel elicited testimony from Resendez that implied that a blood spot on Helmke's shirt was never tested for DNA. Lastly, trial counsel's request to treat Resendez as an adverse witness is not evidence of deficient performance. Helmke has failed to overcome the presumption that trial counsel was acting reasonably in calling Resendez and asking the court to treat Resendez as an adverse witness. *See Bond v. State*, No. 02-05-446-CR, 2007 WL 79694, at*2 (Tex. App.—Fort Worth Jan. 11, 2007, no pet.) (mem. op., not designated for publication) (appellant failed to overcome presumption of reasonableness where trial counsel elicited testimony from probation officer regarding a pending criminal charge).

In addition to Helmke's inability to show deficient performance, Helmke also has not demonstrated that the outcome of the trial would have been any different without Resendez's testimony. Helmke points to no specific testimony that he considers harmful. Rather, Resendez's testimony could actually have helped Helmke's case as it created at least some doubt as to whose blood was found on Helmke's shirt. Accordingly, Helmke has failed to show how calling Resendez as a witness amounted to ineffective assistance of counsel.

### E.     *Lesser Included Offense of Theft*

Lastly, Helmke argues that his trial counsel rendered ineffective assistance of counsel by requesting that the jury charge include an instruction for the lesser-included offense of theft. Helmke contends that this request undermined trial counsel's apparent strategy of arguing that a completed theft never occurred. Again, when faced with a silent record, we cannot speculate as to trial counsel's strategy. Therefore, Helmke has failed to overcome the presumption that his trial counsel acted reasonably. *See Menefield*, 363 S.W.3d at 593.

Moreover, Helmke has not demonstrated how being denied an instruction for which he was not entitled had a reasonable probability of changing the outcome of the trial. "The evidence supports an instruction on a lesser-included offense if it permits a rational jury to find the defendant guilty only of the lesser-included offense." *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). Here, the evidence of Helmke's assaultive conduct supported an instruction for robbery, not theft alone. *Darnell v. State*, No. 14-11-00437-CR, 2012 WL 626318, at*3 (Tex. App.— Houston [14th Dist.] Feb. 28, 2012, no pet.) (mem. op., not designated for publication) (no prejudice when trial counsel requested a lesser included offense that was unavailable to defendant). Accordingly, Helmke has failed to prove that his trial counsel rendered ineffective assistance by requesting the lesser-included offense instruction.

## CONCLUSION

Because Helmke has failed to show that his trial counsel rendered ineffective assistance, the trial court's judgment is affirmed.


Catherine Stone, Chief Justice

DO NOT PUBLISH